Judge Underwood
delivered'the Opinion of the Court;
Kavanaugh bought of one of the distributees of Thacker, his interest in the slaves belonging to the estate, and filed his bill to compel distribution» The circuit court dismissed it, without prejudice.
We think the court erred. There are but two grounds upon which the court could have proceeded. First ; that the suit could not have been maintained in the name of Kavanaugh ; and, second, that the suit was prematurely brought, as no bond had been executed to the administrator, conditioned to refund due portions of all debts which might thereafter appear.
As to the first point: — it was useless to dismiss the bill, without prejudice, if it could never be renewed in the name of Kavanaugh. We see no reason why he may not sue in his own name, to compel distribution, lie made his vendor a party defendant. All the distributees were before the court.
As to the second point: — it is true, that the statute provides, that an administrator shall not be compelled to make distribution at any time until bond and security be given to refund &c. ; and if an action at law were brought by a distributee, upon the administration bond, it might be necessary to aver and prove the execution and lender of a proper refunding bond, as a precedent condition upon which the right of action at law depended. But in chancery, a more liberal rule and practice are allowed. It is competent for the chancellor to require the execution of a' refunding bond before ordering the administrator to pay over to the distributee, and it would be erroneous were he net to do *138 it. But we can imagine no sufficient cause, growing out of the non-execution of a refunding bond, to justify the chancellor in refusing to settle the rights of the parties. These he ought to settle, and after doing so, then require the execution of the bond, in conformity with the statute, as a condition upon which the distributable shares shall be paid. Such a course was sanctioned by this court in the case of Neely’s Administrator vs Neely’s Heirs, 1 Litt. 294.
The chancellor will not in every case of a suit prematurely brought, dismiss the bill for that cause : — sometimes, where new plea dings show the cause of action to be complete at the hearing, relief will be afforded-the com plaimmt being made to pay costs up to the time of such new pleadings. 4 Mon. 202.
The case of Butler vs. Butler, 4 Litt. 202, states the rule at law to be, to decide the controversy as it stood at the commencement of the action, unless issue be taken upon a plea of pais darreign continuance. The same case shews that the rule in chancery is different. Where a suit in chancery is prematurely brought, although it may be no ground to refuse relief, yet it may be sufficient to charge the costs upon an over hasty complainant.
The covenant under which Kavanaugh claims, did not postpone his right to demand distribution of the slaves until his vendor’s wife attained the age of twenty one years. The stipulation on that subject relates to the land exclusively.
The decree must be reversed, with costs, and the cause remanded, for proceedings not inconsistent herewith.